Jones, Judge:
Originally, this claim was filed before the Attorney General. It arose from a contract awarded to the claimant by The State Road Commission for the construction of a portion of Interstate *3 Route 64 in Cabell County. The claim is in two parts, and both result from the failure of base course materials to meet specifications.
Claim A is for labor performed and equipment used by the claimant on May 14 and 15, 1964. The claimant contends that on May 13, John W. Miller, Project Engineer for the State Road Commission, informed the claimant’s superintendent that the base course material in place between Stations 152 plus 10 and 138 plus 00 was approved for paving. Crews were ordered in, forms were set and preparations for paving were carried on throughout May 14 and 15. According to the State Road Commission Diary, Tom Miller, District Materials Division, visited the project office between 3:45 and 4:30 p.m. on May 15 and composed a letter for the signature of W. A. Cashion, acting project supervisor, directed to the contractor and informing him that the only base course material on the project meeting gradation specifications was that in place between Stations 152 plus 10 and 138 plus 00. At 5:30 p.m. on that day Cashion verbally ordered cessation of all operations. Cashion’s letter of May 15, directed to Mr. Howard Lane, Superintendent, Southern Coals Corporation, Huntington, West Virginia, contains three paragraphs, as follows:
“The Project Engineer of the above project has sent you a letter dated May 13, 1964, that instructed you to remove the base course material from Sta. 152 plus 10 to Sta. 149 plus 00. On May 14, 1964, you complied with these instructions.
However, we must inform you that the only base course material placed on said project that met the gradation requirements was the material placed on May 14, 1964. This material was placed from Sta. 152 plus 10 to Sta. 138 plus 00 in the South Bound Lane. Therefore, in addition to the material you have previously removed, you are required to remove all base course material with the exception of the material placed on May 14, 1964.
We request that this additional material be removed as soon as possible and replaced with specification material.”
This letter was delivered after the work in question was done, but it does give credence to claimant’s contention that it *4 proceeded under verbal instructions from the Project Engineer. Miller was not produced as a witness, and there is no evidence that he exceeded his authority. The claimant produced evidence, which is not contradicted, that its loss for work done and equipment used on May 14 and 15, 1964, was $3,099.67. We believe the contention of counsel for the State Road Commission that there was no privity of contract between the claimant and the State Road Commission is not sustained.
After all work was stopped at the end of the day on Friday, May 15, a meeting of the parties was set for Monday, May 18. It then appeared that all of the material in question was noncompliance material relative to specification requirements and the claimant would be required to remove all of the material from the project .and replace the same with satisfactory material, or, in the alternative, the project would be shut down until further testing and analysis could be undertaken and concluded. It was agreed that there was a possibility of variations and errors in previous testings, and, mainly at the behest of the claimant, it was agreed that further tests should be made.
The claimant contends that the tests undertaken by the State Road Commission were unreasonably delayed and resulted in losses to the claimant in the sum of $10,920.50 over a period of one-half month. In fact, samples were taken on May 18, and delivered to the Material Controls Division on May 19, and the test results were reported on May 25, five working days after May 18. During the following days, the test results were analyzed, and on May 29 the Project Engineer and the contractor were notified that all results were negative. A letter confirming the results was written on June 2 and was received by the claimant on June 3.
It would appear that this testing was a major undertaking, one involving the entire project and requiring the most thorough testing and anaylsis. The eventual decision eliminated all of the base course materials provided by the claimant as being below standard and all of such material had to be removed from the project and was subsequently replaced. Claimant’s witnesses contend that the tests and analyses should not have taken so long; expert testimony for the State Road Commission upheld its contention that the time taken was entirely necessary and reasonable. The situation was engendered by *5 the claimant; we feel that the State Road Commission acted with reasonable dispatch; and therefore Claim B is denied.
Claim A is allowed and an award is made in the sum of $3,099.67.